1      IN THE UNITED STATES DISTRICT COURT

2         DISTRICT OF ARIZONA

3

4  United States of America          CR-17-1791-TUC-JGZ(LAB)

5  vs.

6  Charles Burton Foster,
                                      December 21, 2017
7       Defendant.                      Tucson, Arizona
   _____

8

9        OFFICIAL TRANSCRIPT OF PROCEEDINGS

10          HEARING ON CHANGE OF PLEA

11       BEFORE THE HONORABLE LESLIE A. BOWMAN
              UNITED STATES MAGISTRATE JUDGE

12

13              A P P E A R A N C E S

14  For the Government:

15       Kevin Charles Hakala
         United States Attorney's Office
16       405 West Congress
         Tucson, Arizona 85701

17

18  For the Defendant:

19       Barbara Tapper Catrillo
         Catrillo Law Firm
20       1320 North Bryant Avenue
         Tucson, Arizona 85712

21

22          PROCEEDINGS WERE DIGITALLY RECORDED

23

24      TRANSCRIBED BY:  ERICA R. McQUILLEN, RDR, CRR
             405 West Congress, Suite 1500
25               Tucson, Arizona 85701
                   (520) 205-4267

P R O C E E D I N G S

    THE CLERK:  Calling Case No. CR-17-1791, USA vs. Charles Burton Foster, on for a change of plea hearing.

    Counsel, please state your appearance.

    MR. HAKALA:  Good afternoon, Your Honor.  Kevin Hakala on behalf of the United States filling in for Adam Rossi.

    THE COURT:  Thank you.  Good afternoon.

    MS. CATRILLO:  Barbara Catrillo on behalf of Mr. Foster, who is present, out of custody, and seated to my right, and he's prepared to enter a plea today.

    THE COURT: All right.  Thank you.  Good afternoon.

    Good afternoon, Mr. Foster.

    THE DEFENDANT:  Good afternoon, Judge.

    THE COURT:  Thank you.

    Sir, I'm Leslie Bowman.  I'm the United States magistrate judge.  You can stay seated.  Thank you for your respect.  And sir, I'm assigned to conduct your hearing today.

    Because you're pleading guilty to a felony, you have the right to have the hearing take place before the district court judge.  She has more authority than I do as a magistrate judge, but you signed this written consent form.  It authorizes me to conduct your hearing.

    Did your lawyer explain that form to you before you signed it?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.  And sir, you also -- excuse

3    me just one moment here.

4          You also have a written plea agreement here.  We're

5    going to talk about that in just a moment, but before we start

6    into that, I am going to have you placed under oath.  After

7    that, if you answer any of my questions falsely, you could be

8    charged with perjury.

9          Do you understand?

10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  Would you please raise your right hand,

12   and our clerk will administer the oath to you.

13         (Charles Burton Foster was duly sworn by the clerk.)

14         THE CLERK:  Thank you.

15         THE COURT:  All right.  Sir, is your true name

16   Charles Burton Foster?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  How old are you?

19         THE DEFENDANT:  Sorry, Your Honor.  61.

20         THE COURT:  How far did you go in school?

21         THE DEFENDANT:  GED.

22         THE COURT:  In the last two days, have you had any

23   drugs, prescription medicines, or alcoholic beverages?

24         THE DEFENDANT:  Just a prescription, ma'am.

25         THE COURT:  And when did you last take the medicine?

1          THE DEFENDANT:  Today, ma'am.

2          THE COURT:  Is it anything that --

3          THE DEFENDANT:  Your Honor.  I apologize.

4          THE COURT:  That's okay.

5          Is it anything that would interfere with your

6   ability to think clearly today?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  I don't want to get too personal, but I

9   just want to make sure I make a good record here.  Do you know

10  what the medication is?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Is it something that you feel

13  comfortable stating out loud?

14         THE DEFENDANT:  I'm fine with it, Your Honor.

15         THE COURT:  Okay.

16         THE DEFENDANT:  It's oxycodone and lisinopril.

17         THE COURT:  All right.  And the oxycodone is for

18  pain?

19         THE DEFENDANT:  Yes, ma'am.  Yes, Your Honor.

20         THE COURT:  And the other medication, what is that

21  for?

22         THE DEFENDANT:  Blood pressure.

23         THE COURT:  For blood pressure.  All right.  But

24  when you take that medicine, it doesn't make you feel groggy

25  or confused or anything like that?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Thank you very much.  I'm not trying to

3    pry into your personal affairs.  I just want to make sure that

4    you're thinking clearly today, because you're making a big

5    decision.

6          MS. CATRILLO:  Your Honor, for the record, pretrial

7    services is monitoring that he's taking the prescribed amount

8    of that drug, is my understanding, and that --

9          THE COURT:  Okay.

10         MS. CATRILLO:  -- he has been currently.

11         THE COURT:  Okay.  Good.  Thank you very much.

12         All right.  And Ms. Catrillo, do you believe that

13   Mr. Foster is competent to enter the plea?

14         MS. CATRILLO:  I do.

15         THE COURT:  Thank you very much.

16         Mr. Foster, I have your written plea agreement

17   here, and it does appear that you signed this document.

18   Before you signed it, did you review it with your attorney?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Did she answer all of your questions for

21   you?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  The district court judge who's assigned

24   to your case is Judge Zipps.  She does not have to accept this

25   agreement, but once she does accept it, you won't be allowed

1  to withdraw from it.

2          Do you understand all the terms and conditions in

3  this plea agreement?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Did anyone promise you anything that's

6  not included in the agreement?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  Did anyone force you or threaten you to

9  plead guilty?

10          THE DEFENDANT:  No, Your Honor.

11          THE COURT:  Sir, your plea agreement states that

12  you're going to plead guilty to Count 1 of the indictment.

13  That count charges you with conspiracy to transport illegal

14  aliens for profit.  At the time of sentencing, the remaining

15  counts in the indictment will be dismissed.

16          The maximum penalties that you face for this offense

17  that you're pleading guilty to today are up to 10 years in

18  prison, there's a fine of up to $250,000 or both, plus a term

19  of up to three years of supervised release, and a mandatory

20  $100 special assessment.

21          Do you understand the maximum penalties?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  Mr. Foster, your plea agreement sets

24  forth two different sets of potential sentencing ranges.  The

25  ranges for the first group would be if the adjusted offense

1  level ends up at level 13.  Those ranges are anywhere from 12

2  to 18 months all the way up to 33 to 41 months.

3       If the adjusted offense level turns out to be

4  eight, then the lowest range is zero to six months, and the

5  highest range is 18 to 24 months.  Either of these ranges

6  allow your attorney to argue for a sentence lower than the low

7  end of all of those different sentencing ranges.

8       Do you understand the sentencing agreement?

9       THE DEFENDANT:  Yes, Your Honor.

10      THE COURT:  The Federal Sentencing Guidelines apply

11 in your case.  The guidelines are only advisory.  But District

12 Judge Zipps still has to consult the guidelines.  She's going

13 to make an accurate determination of the specific range that

14 applies to you before she imposes the sentence.

15      And once you finish serving that sentence, you also

16 could serve a term of supervised release, which is something

17 like parole.  It starts when the prison term ends.  And if you

18 were to violate any of the conditions of the supervised

19 release, you could be brought back into court and be sentenced

20 to serve that term of years in prison in this same case.

21      In addition to the penalties that I just explained

22 to you, if you commit another crime in the United States, this

23 conviction can be used against you to increase any new

24 sentence that might be imposed on you, and if you are not a

25 citizen of the United States, the conviction could have

1  serious immigration consequences.  It could result in you

2  being deported and removed from the United States and excluded

3  from reentering the country in the future.

4          Mr. Foster, your plea agreement states that, as long

5  as Judge Zipps sentences you by the terms in your plea

6  agreement, you're going to waive your right to appeal, and

7  you're giving up your right to collaterally attack or to

8  challenge your conviction and your sentence.

9          Are you aware that you're giving up those rights?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  And sir, since you've been accused of a

12  crime, you have a number of constitutional rights.  If you

13  plead guilty today, you're going to give up some of those

14  rights.

15          You have the right to be represented by your

16  attorney in a trial if you would have chosen to take the case

17  to trial and then also your attorney would represent you in

18  the sentencing hearing, if you were found guilty at the trial,

19  just as she'll represent you in that sentencing hearing if you

20  plead guilty today.

21          If you could not afford to hire your own attorney,

22  the Court would appoint one to represent you, and that would

23  be at no cost to you.  That's what has happened in your case.

24          Sir, if you wanted to go to trial, you'd have the

25  right to have a jury trial before 12 citizens randomly

1  selected from this district.  You and your attorney would help

2  choose the jurors, and you could not be convicted unless all

3  12 of them were first convinced that you were guilty.

4       At trial, the jury would be instructed that you are

5  presumed innocent.  You do not have to prove that you're

6  innocent.  The Government has to prove that you're guilty, and

7  it has to prove that beyond a reasonable doubt.

8       Sir, you would have the right to have the Government

9  bring its witnesses into court so that they would testify in

10 your presence, under oath, and then through your attorney you

11 would have the right to cross-examine their witnesses, and

12 you'd also have the right to subpoena your own witnesses to

13 come into court and testify on your behalf.

14      If you went to trial, you would have the right to

15 testify in your own defense, if you wanted to, but if you

16 chose to remain silent, the jury would be instructed that it

17 could not use your silence against you in any way.

18      Mr. Foster, do you understand all the rights I've

19 explained to you today?

20      THE DEFENDANT:  Yes, Your Honor.

21      THE COURT:  Do you have any questions?

22      THE DEFENDANT:  No, Your Honor.

23      THE COURT:  Then, sir, knowing the penalties and the

24 consequences that you're facing, do you still want to plead

25 guilty?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  Ms. Catrillo, do you believe your client

3    understands the rights he's giving up, the penalties he's

4    facing, the consequences of pleading guilty, and the terms in

5    his plea agreement?

6              MS. CATRILLO:  Yes, Your Honor.

7              THE COURT:  Thank you.

8              Mr. Foster, Count 1 of the indictment charges that,

9    from a date unknown until about October 29th, 2017, near

10   Tucson, in the District of Arizona, that you did knowingly and

11   intentionally combine, conspire, confederate, and agree with

12   various people known and unknown to the grand jury to

13   transport and move Santos Cortez-Garcia, Simon Gavilan-

14   Velazquez, and Noe Marin-Aguilera, illegal aliens, within the

15   United States, by means of transportation or otherwise, in

16   furtherance of the violation of the law and for the purpose of

17   commercial advantage or private financial gain.

18             Do you understand the charge?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Mr. Foster, on about October 29th, 2017,

21   were you in the area of Tucson, Arizona?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Were you driving a silver 2017 Infiniti

24   SUV that was stopped because of an allegation that you'd been

25   speeding?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Did you have five people in the car that

3     were hidden under some blankets?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  And did you know or have a good reason

6     to know that the people that you had hidden in your car were

7     in the United States illegally?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Had you made an agreement with some

10    other people to help transport those individuals?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Is the Government satisfied with the

13    factual basis?

14         MR. HAKALA:  Yes, Your Honor.

15         THE COURT:  I'm sorry.  Actually, there is one more

16    element.  Were you going to receive some sort of payment or

17    something of value for your part in this?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  All right.  Thank you.

20         And sir, how do you plead to the charge of

21    conspiracy to transport illegal aliens for profit?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Do --

24         MS. CATRILLO:  Do you plead guilty or not guilty?

25         THE DEFENDANT:  Guilty, Your Honor.

1     THE COURT:  Ms. Catrillo, is there any legal reason

2  why the Court should not accept your client's plea?

3     MS. CATRILLO:  There are no such reasons, Your

4  Honor.

5     THE COURT:  All right.  Thank you.

6     It is the finding of the Court that Mr. Foster is

7  guilty of conspiracy to transport illegal aliens for profit.

8  There is a factual basis for the plea, which was entered into

9  knowingly and voluntarily.  These findings and recommendations

10  are referred to District Judge Zipps for her consideration.

11  The parties have 14 days to file written objections.  I'm

12  going to order that a presentence report be prepared.

13     Mr. Foster, your next hearing will be your

14  sentencing hearing.  It's scheduled in front of Judge Zipps on

15  March 27th, 2018.  That will be at 9:20 in the morning.

16     THE DEFENDANT:  Thank you, Your Honor.

17     THE COURT:  You're welcome, sir.

18     And I have not just a report from pretrial services,

19  I also had a short meeting with the pretrial services officer

20  before court.  Usually when I see the officer walk into my

21  chambers, I'm thinking, oh, no, because that means they're

22  going to tell me something.

23     And what he told me was that you are doing

24  exceptionally well, that he wanted to come and tell me

25  that, not just hand me the piece of paper.  You're maintaining

excellent communication.  You're testing negative for drugs

and alcohol.  You've provided proof of work, updated

prescriptions, documents about your local court matters.

You're maintaining your residence properly with your family.

Apparently you got cited for speeding, which seems

to be your downfall.  You might want to slow that down a

little bit, but you handled it just fine.  You went right to

court.  You took care of everything just the way you're

supposed to, signed up for the defensive driving.

I mean, the report is as glowing as it possibly can

be, and honestly, I don't see reports like this very often, so

it's a great pleasure to see how well you're doing.

THE DEFENDANT:  Thank you, Your Honor.

THE COURT:  You're welcome.  And of course the

recommendation is that you be allowed to remain released.

What's the Government's position?

MR. HAKALA:  We agree with the recommendation.

THE COURT:  Okay.  Great.

And any record you'd like to make, Ms. Catrillo?

MS. CATRILLO:  No, Your Honor.  I'm just very

pleased with my client's progress.

THE COURT:  Yes, you should be.  He should be as

well.

I'm going to order that you remain released on the

previously imposed conditions.  I'm really glad to do that.  I

1  hope you enjoy the holidays with your family.

2  THE DEFENDANT:  Thank you, Your Honor.

3  MS. CATRILLO:  Thank you, Your Honor.

4  Further, I would like to thank pretrial services for

5  voicing a positive report.  That is very important to the

6  clients, to get positive feedback.

7  THE COURT:  It is.  Well, some of the clients don't

8  get them because they don't do what they're supposed to, so

9  you know, it's a little bit of a catch-22.  You know, when you

10  get somebody who's doing well, you get the glowing report, and

11  we just don't get that that much, sadly.  So I really

12  appreciate it.  You ended my day on a very nice note.  I'm

13  really appreciative.

14  And so if there's nothing further, you may be

15  excused.

16  MS. CATRILLO:  Thank you, Your Honor.

17  THE DEFENDANT:  Your Honor, is it okay if I thank my

18  pretrial officer?

19  THE COURT:  Yes, of course, of course.

20  THE DEFENDANT:  Thank you very, very, very much.

21  MS. CATRILLO:  Your Honor, on another matter, just

22  administratively, can I just speak with you briefly?

23  THE COURT:  Sure, sure, sure.

24  (Proceedings concluded in this matter.)

25

1      C E R T I F I C A T E

2

3   I, Erica R. McQuillen, do hereby certify that the

4 preceding pages of typewritten matter are a true, correct, and

5 complete transcription of the digital recording of proceedings

6 in the above-entitled matter.

7    Dated this 18th day of July, 2018.

8

9       s/Erica R. McQuillen
       Erica R. McQuillen, RDR, CRR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25